[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals the January 15, 1998 decision of the defendant Commissioner of the Department of Motor Vehicles (DMV) suspending his motor vehicle operator's license for two years. The plaintiff, who is aggrieved by the decision, brings this appeal pursuant to the Uniform Administrative Procedure Act (UAPA) §§ 4-166, et seq.
The incident underlying the case occurred on December 10, 1997, in Wallingford, Connecticut. At 0115 hours the plaintiff CT Page 3528 was observed by Wallingford Police Officer Evans operating a motor vehicle on a public highway. The plaintiff's vehicle, over a distance of 1/4 to 1/2 mile, on three occasions drifted over to the right shoulder. Officer Evans activated his emergency lights, but had difficulty getting the plaintiff to stop and pull off the roadway. When inquiring about the plaintiff's erratic operation, Officer Evans noticed a strong odor of alcohol on the plaintiff's breath. The plaintiff's eyes were red, glassy and bloodshot, and his speech was slurred. His coordination seemed very slow as he took five minutes to locate his motor vehicle information. Additionally, the plaintiff refused to perform roadside sobriety testing and was uncooperative with the officer. The plaintiff was placed under arrest at 0132 hours for operating under the influence in violation of General Statutes § 14-227a, and failure to drive in the right hand lane in violation of § 14-230(a).
The plaintiff was removed to police headquarters and his vehicle towed from the scene. At police headquarters the plaintiff was advised of his constitutional rights, allowed to contact an attorney, and given his Implied Consent Advisory. The plaintiff declined the request to take a urine test of his blood alcohol content.
The plaintiff was advised by DMV in letters of December 12, 1997, and December 31, 1997, of the suspension of his license for two years for his refusal to take a chemical alcohol test. The plaintiff requested a hearing and one was held on January 15, 1998, before DMV Hearing Officer Peter Mlynarczyk, Esq. At the hearing, plaintiff's driving record was not introduced.
The plaintiff in his appeal challenges the probable cause finding by the hearing officer and challenges the length of the suspension in the absence of the driving history being entered into the record.
The probable cause issue is one of the four issues which may be raised in a § 14-227b hearing and appeal. Buckley v.Muzio, 200 Conn. 1, 6-8 (1986); Volck v. Muzio, 204 Conn. 507,509-10 (1987); and Dalmaso v. Dept. of Motor Vehicles,47 Conn. App. 839, 842-44 (1998). "Probable cause, broadly defined, comprises such facts as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe that criminal activity has occurred." (Internal quotation marks omitted.) State v. Barton, 219 Conn. 529, 548 (1991); "It CT Page 3529 is a flexible common sense standard that does not require the police officer's belief to be either correct or more likely true or false." State v. Stephens, 231 Conn. 43, 63 (1994), cert. denied, 514 U.S. 1038 (1995).
The plaintiff's erratic operation; delay in pulling over; odor of alcohol; glassy, red and bloodshot eyes; slurred speech and poor coordination unquestionably constitute probable cause that he was operating his motor vehicle under the influence of alcohol.
Turning to the second issue, § 14-227b(h) provides penalties for two year suspensions only if the license has been suspended two or more times under the same statute. The plaintiff knew prior to the hearing that he was facing a two year suspension. The plaintiff did not raise the penalty issue at the hearing. His driving history was not at issue in the record. The plaintiff does not now seek a remand to challenge the issue of his driving history. The plaintiff challenges DMV's right to consult their records when imposing such a penalty. The DMV by statute has not only the right but the obligation to consider driving histories under § 14-227b(h). This was recognized inBalch Pontiac-Buick, Inc. v. Commissioner of Motor Vehicles,165 Conn. 559, 563 (1973), which held that the Commissioner may examine the plaintiff's record kept by the DMV. Also, see in this exact § 14-227b context, Yarington v. Kozlowski, Superior Court, judicial district of Waterbury, Docket No. 125987, 15 CONN. L. RPTR. 632 (January 5, 1996); and Hatcher v. Commissioner of MotorVehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 534818, 18 CONN. L. RPTR. 58 (October 24, 1996).
Also, since the plaintiff does not contest the accuracy of the conclusion that his license had for the same reasons been suspended at least twice before, he is not prejudiced by the consideration of such record. The UAPA requires an agency decision be affirmed unless substantial rights of the Appellant have been prejudiced. See § 4-183(j).
The appeal is dismissed.
McWEENY, J.